IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAGUE TO SAVE LAKE TAHOE, a
California non-profit
corporation; FRIENDS OF TAHOE
VISTA, an unincorporated
association,

     Plaintiffs,

  v.

TAHOE REGIONAL PLANNING AGENCY,
a separate legal entity created
by bi-state compact approved by
the United States Congress,
TAHOE VISTA PARTNERS, LLC, a
limited liability corporation,
BOARD OF SUPERVISORS OF THE
COUNTY OF PLACER; and COUNTY OF
PLACER,

     Defendants.

_____/

No. 2:08-cv-2447 JAM KJM

ORDER DENYING MOTION TO DISMISS

    League to Save Lake Tahoe and Friends of Tahoe Vista

(collectively, "Plaintiffs") brought this action against Tahoe

Regional Planning Agency ("TRPA") and Tahoe Vista Partners, LLC

for declaratory and injunctive relief for violations of the TRPA

Code of Ordinances and for a writ of mandate.  Plaintiffs

subsequently amended their complaint to include a Seventh Cause

of Action for violations of the California Environmental Quality Act ("CEQA"), California Public Resources Code § 21000 et seq. against the Board of Supervisors of the County of Placer and the County of Placer (collectively, "County Defendants"). The County Defendants filed a Motion to Dismiss Plaintiffs' Seventh Cause of Action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).(Docket #49) Plaintiffs opposed the Motion.(Docket #69) Defendant Tahoe Vista Partners filed a joinder in the County Defendants' Motion to Dismiss. (Docket #70) For the reasons stated below, County Defendants' Motion to Dismiss is DENIED.[1]

BACKGROUND

Plaintiffs brought this action to challenge TRPA's approval of the Tahoe Vista Partners, LLC timeshare resort development to be located at 6873 North Lake Blvd., Placer County, California (the "Project"). Second Amended Complaint ¶ 17. Plaintiffs allege that TRPA approved the Project without requiring an environmental impact statement ("EIS") as required by law, instead relying on an environmental assessment/environmental impact report ("EA/EIR"). Id. Plaintiffs later amended their complaint, adding allegations that the County Defendants

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

violated CEQA by approving the EA/EIR prepared in conjunction

with the Project.  Id. ¶ 32.  County Defendants filed a Motion

to Dismiss for lack of subject-matter jurisdiction pursuant to

Rule 12(b)(1), arguing that the Court should decline to exercise

supplemental jurisdiction over the CEQA claim.

OPINION

Rule 12(b)(1) permits a Court to dismiss a claim for lack

of subject-matter jurisdiction.  Both parties concede that this

Court does not have subject-matter jurisdiction over Plaintiffs'

CEQA claim against the County Defendants independent of the

other claims in the Second Amended Complaint.  Plaintiffs argue,

however, that the Court has supplemental jurisdiction over the

CEQA claim pursuant to 28 U.S.C. § 1367.

Courts have supplemental jurisdiction over state law claims

where federal and state law claims "form but one constitutional

'case' and derive from a common nucleus of operative fact" as

federal claims.  Mendoza v. Zirkle Fruit Co., 301 F.3d 1163,

1173 (9th Cir. 2002)(internal citations omitted)(citing United

Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  "In

exercising its discretion to decline supplemental jurisdiction,

a district court must undertake a case-specific analysis to

determine whether declining supplemental jurisdiction comports

with the underlying objective of most sensibly accommodating the

values of economy, convenience, fairness and comity."

Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).  A

court may decline to exercise jurisdiction over a supplemental

state law claim if: (1) the claim raises a novel or complex

issue of State law, (2) the claim substantially predominates

over the claim or claims over which the district court has

original jurisdiction, (3) the district court has dismissed all

claims over which it has original jurisdiction, or (4) in

exceptional circumstances, there are other compelling reasons

for declining jurisdiction.   28 U.S.C. § 1367(c).

Plaintiffs argue that because both the TRPA and the County

Defendants relied on the same EA/EIR to approve the same

Project, the two claims share a common nucleus of operative

fact.  County Defendants, on the other hand, argue that because

the documents were reviewed by two separate boards using two

different standards, there is not a common nucleus of operative

fact.  Furthermore, County Defendants argue that CEQA raises

complex issues of state law that should be addressed by state

courts.  They note that California state courts have specialized

procedures for handling CEQA matters, which would enable

Plaintiffs' CEQA claim to be adjudicated on an expedited basis.

Plaintiffs' CEQA claim shares a common nucleus of operative

fact with their other claims.  The claim involves the approval

of the same Project using the same EA/EIR document.  In fact,

other federal courts have exercised supplemental jurisdiction

over CEQA claims in similar circumstances.  <u>See</u>, <u>e.g.</u>, <u>City of Carmel-by-the-Sea v. United States DOT</u>, 123 F.3d 1142 (9th Cir. 1997); <u>South Pasadena v. Volpe</u>, 418 F.Supp. 854 (C.D. Cal. 1976).

Furthermore, judicial economy would be served by adjudicating all of Plaintiffs' claims in a single action. Although County Defendants argue that Plaintiffs would be able to proceed in state court on their CEQA claim in an expedited manner, Plaintiffs would still have to start from scratch, filing a new action.  On the other hand, this Court has already set a CEQA hearing date pursuant to California Public Resources Code § 21167.4(a) on November 18, 2009.  Judicial resources would be conserved by allowing Plaintiffs to bring their claims together in a single action.  Accordingly, the Court shall exercise supplemental jurisdiction over Plaintiffs' CEQA claim.

ORDER

For the reasons stated above, County Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: July 30, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE